# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.          No. CR 13-4004 RB

MARIO SERRANO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2), Pro Se, filed on June 6, 2018. (Doc. 97.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **dismissed as moot**.

**I.    Background**

On July 15, 2014, Mr. Serrano pled guilty to an Indictment charging (1) conspiracy to possess with intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. § 846; (2) possession with intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and (3) possession of a firearm and ammunition by a felon under 18 U.S.C. § 922(g)(1). (*See* Docs. 18; 69; 85.) Mr. Serrano was held accountable for 106.9 net grams of pure methamphetamine. (Presentence Investigation Report (PSR) ¶ 4.) According to the 2014 Guidelines Manual, his base offense level was 30, and his total offense level was 29. (*Id.* ¶¶ 19, 28.) *See also* U.S.S.G. § 2D1.1 (assigning an offense level of 30 for an amount of "[a]t least 50 G but less than 150 G of 'Ice'").

The Court sentenced Mr. Serrano to 168 months[1] imprisonment on November 9, 2015. (Doc. 96 at 3.) Mr. Serrano did not appeal his sentence. He now moves for a reduction of sentence based on Amendment 782 to the Sentencing Guidelines. (*See* Doc. 97.)

## II.   Analysis

"When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)). "Section 3582(c) provides that a 'court *may not* modify a term of imprisonment once it has been imposed except' in three limited circumstances." *Smartt*, 129 F.3d at 540–41 (quoting 18 U.S.C. § 3582(c); subsequent citation omitted). "First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). "Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). "Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)).

Mr. Serrano bases his motion on Section 3582(c)(2) and Amendment 782 of the Sentencing Guidelines. (*See* Doc. 97.) Amendment 782 to the Guidelines went into effect "on November 1, 2014, and applies retroactively." *United States v. Goodwin*, 635 F. App'x 490, 493 (10th Cir. 2015). "The amendment 'reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses.'" *United*

---

[1] The Government incorrectly states in its response to Mr. Serrano's motion that the Court sentenced him to 63 months. (*See* Doc. 100 at 1.)

2

*States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (quoting *Goodwin*, 635 F. App'x at 493 (citing U.S.S.G., suppl. to app. C, amend. 782 (2014)) (subsequent citation omitted)). Mr. Serrano's PSR, which was revised on September 25, 2015, reflects that his offense level was calculated using "[t]he 2014 Guidelines Manual, incorporating all guideline amendments . . . ." (PSR at 1 & ¶ 17.) *See also United States v. Smith*, 659 F. App'x 950, 952 (10th Cir. 2016) (noting that "the probation officer used this reduced base offense level when calculating [the defendant's] Guidelines range" where the PSR noted that it used "[t]he 2014 Guidelines Manual, incorporating all [G]uideline[s] amendments") (citations omitted). Thus, Mr. Serrano automatically benefited from Amendment 782, which was reflected in the base offense level assigned in § 2D1.1. Mr. Serrano's motion is, therefore, moot.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 97) is **DISMISSED AS MOOT**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE