#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                        No. CR 13-4004 RB

MARIO SERRANO,

      Defendant.

#### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Serrano's Motion for Compassionate Release and Motion to Appoint Legal Counsel, filed on May 13, 2020. (Doc. 107.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **denied**.

**I.  Background**

On July 15, 2014, Mr. Serrano pled guilty to an Indictment charging (1) conspiracy to possess with intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. § 846; (2) possession with intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and (3) possession of a firearm and ammunition by a felon under 18 U.S.C. § 922(g)(1). (*See* Docs. 18; 69; 85.) The Court sentenced Mr. Serrano to 168 months imprisonment on November 9, 2015. (Doc. 96 at 3.) Mr. Serrano has served approximately 90 months of his sentence, and his anticipated release date is November 14, 2024. (*See* Doc. 109 at 9.)

Mr. Serrano, who is housed at Butner Federal Correctional Institute II (Doc. 109 at 10 n.1) now moves the Court under 18 U.S.C. § 3582(c)(1)(A)(i) to grant him compassionate release due to the COVID-19 pandemic. (Doc. 107.)

1

**II.     Discussion**

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Serrano filed a request for compassionate release with the BOP on March 28, 2020. (*See* Docs. 109 at 9; 109-6.) The BOP denied his request on April 24, 2020; thus the Court finds that he has exhausted his administrative remedies for purposes of this Opinion. (*See* Docs. 109 at 9; 109-7.)

Mr. Serrano seeks compassionate release pursuant to § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" where the defendant has certain medical conditions, where the defendant is at least 65 years old and meets other qualifying circumstances, where the defendant has qualifying family circumstances, or for "other reasons." *See* U.S. Sentencing Guidelines Manual § 1B1.13 app. §§ (1)(A)–(D). Mr. Serrano brings his motion under § (1)(D), other reasons. (Doc. 107 at 3.)

Mr. Serrano asserts that "extraordinary and compelling" circumstances exist due to the unprecedented COVID-19 pandemic. (*Id.*) He argues that as an individual with cirrhosis of the liver, he is vulnerable to COVID-19. (*See id.*) The United States argues that "cirrhosis of the liver does not itself rise to the level of severity required" to merit compassionate release. (Doc. 109 at

14.) According to the CDC, individuals with liver disease (including cirrhosis of the liver) "might be at an increased risk for severe illness from COVID-19." *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 8, 2020).

Even if the Court were to find that Mr. Serrano has established an extraordinary and compelling reason for compassionate release (a finding the Court declines to expressly make), its analysis would not end there. In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). As the § 3142 factors overlap to an extent with those in § 3553, the Court will consider them together.

The Government argues that Mr. Serrano "would pose a danger to public safety if released" because of his "extremely long criminal history and a complete lack of regard for the laws of the United States." (Doc. 109 at 16.) The Court agrees that Mr. Serrano's extensive criminal history counsels against compassionate release.

As reflected in his Presentence Report (PSR), Mr. Serrano had 25 criminal history points prior to being sentenced in this matter. (*See* Doc. 109-3 (PSR) ¶ 43.) "Given that a defendant need only have 13 criminal history points to be in Criminal History Category (CHC) VI, [Mr. Serrano] clearly qualified for CHC VI." (Doc. 109 at 6; PSR ¶ 66.) At the time of his sentencing, Mr. Serrano was 34 years old. (*See* Doc. 96; PSR at 3.) Prior to this arrest and conviction, he had incurred 11 convictions since he was 14 years old: two as a juvenile, and nine as an adult. (PSR ¶¶ 30–40.) Two of his prior convictions involved battery or aggravated battery upon a peace officer and two involved a firearm. (*Id.* ¶¶ 31, 37–39.) He committed his most recent offense "less than

three weeks after he was released from prison on an unrelated felony drug conviction." (*See* Doc. 109 at 6; PSR ¶ 40.) The Court is mindful of Mr. Serrano's efforts to improve his life and character while incarcerated. (*See* Docs. 107 at 4; 110 at 2–3.) Yet, Mr. Serrano still has work to do to overcome his past choices. The Court finds that Mr. Serrano's original sentence continues to be appropriate under the relevant statutory authority. The Court further finds that Mr. Serrano poses a danger to the community such that compassionate release is not warranted.

The Court directs Mr. Serrano to continue improving his chances at a successful transition out of prison by pursuing all educational and vocational programs available to him, and by participating in drug and alcohol counseling (through a 12-step program or otherwise) while he is incarcerated. The Court also encourages Mr. Serrano to keep his faith and serve as a role model for others.

Finally, the Court notes Mr. Serrano's request that it "contact the BOP to make video visitation available for" he and his family, and "request the BOP to move [him] to a Care Level 3 medical facility closer to home . . . ." (Doc. 110 at 3.) The Court does not have authority to grant these requests. Under 18 U.S.C. § 3621(b), the BOP has exclusive authority to "designate the place of the prisoner's imprisonment . . . ." *See also United States v. Cosby*, 180 F. App'x 13, 13 (10th Cir. 2006).

**THEREFORE,**

**IT IS ORDERED** that the Motion for Compassionate Release and Motion to Appoint Legal Counsel (Doc. 107) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE